UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GALAN D. COBB, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-847-J |
| ) | |
| TINKER FEDERAL CREDIT UNION, ) | |
| a Federally Chartered Credit Union Service ) | |
| Organization, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court are Defendants' motions to dismiss [Doc. Nos. 5 and 8]. Plaintiff has filed his responses, and Defendants have filed their replies.

**I.   Background**[1]

On July 11, 2006, Defendant Tinker Federal Credit Union (TFCU) filed a debt collection action against Plaintiff Galan D. Cobb (Cobb) in the District Court for Oklahoma County (State Litigation). Cobb was found to be in default[2] in the State Litigation, and on September 8, 2006, a minute entry was entered on the docket stating: "RICKS: JUDGMENT FOR PLAINTIFF AS PER JOURNAL ENTRY." No Journal Entry of Default Judgment, however, was ever filed in the State Litigation. Thereafter, multiple collection activities occurred, including orders to appear and answer to assets, 44 garnishments, and renewals of judgment.

On October 11, 2016, a hearing on assets was scheduled to occur. On this date, Cobb's newly retained counsel discovered that no Journal Entry of Default Judgment had ever been filed,

---

[1] The facts set forth in this Background section are based on the facts contained in Cobb's Complaint [Doc. No. 1].
[2] Cobb asserts that he was never personally served in the State Litigation.

and the hearing was stricken. On that same day, TFCU filed an application for order nunc pro tunc. The application was fully briefed, and on April 28, 2017, Oklahoma County District Judge Stuart granted the application, directed a journal entry of default judgment, and stayed collection on the judgment until the time to appeal had lapsed and/or during the pendency of a timely filed appeal. On May 18, 2017, Cobb appealed Judge Stuart's ruling, and on January 10, 2019, the Oklahoma Court of Appeals reversed and remanded the case to the district court. On November 7, 2019, TFCU filed a motion to settle journal entry. On January 10, 2020, the district court granted a Journal Entry of Default Judgment.[3]

On August 24, 2020, Cobb filed this action against TFCU, its lawyers, and their law firms alleging the following causes of action: (1) abuse of process, (2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), (3) violation of the Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, § 752, *et seq.*, (4) negligence, and (5) deprivation of procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution.[4] Defendants now move to dismiss these causes of action, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. In his responses to the motions to dismiss, Cobb does not oppose the dismissal of the Oklahoma Consumer Protection Act Claim, the negligence claim, the Fifth and Fourteenth Amendment due process claims, and the FDCPA claim as to TFCU. Thus, the only claims remaining at issue are Cobb's abuse of process claim against

---

[3] The issue of the validity of the January 10, 2020 Journal Entry of Judgment is currently on appeal to the Oklahoma Supreme Court.

[4] In his Complaint, Cobb also alleges a cause of action for punitive damages. A request for punitive damages, however, is not a separate cause of action. *See Rodebush ex rel. Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993) ("A plea for punitive damages . . . does not constitute a separate cause of action. . . . The plea for punitive damages rests on the underlying claim, and if there is no recovery on the underlying claim, there can be no recovery of punitive damages.").

Defendants and Cobb's FDCPA claim against Defendants Mulinix Ogden Hall Andrews & Ludlam, P.L.L.C., Hall & Ludlam, P.L.L.C., Jeffery S. Ludlam, Joel C. Hall, and Randy G. Gordon.

## II.    Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the non-moving party.  *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014).  To avoid dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

## III.   Analysis

Defendants assert Cobb's claims against them should be dismissed because they are barred by the applicable statutes of limitations.[5]  Cobb contends that the continuous and ongoing nature of Defendants' actions tolled the statutes of limitations, making the filing of his Complaint timely.  Alternatively, Cobb contends that the statutes of limitations were tolled during the state court appeal while collection activity was stayed, making his abuse of process and FDCPA claims timely filed.

An abuse of process claim must be brought within two years from the time that it accrues.  *See Greenberg v. Wolfberg*, 890 P.2d 895, 905-06 (Okla. 1994).  "An abuse-of-process claim accrues when the process is abused and damages are incurred, *regardless of when the action is determined*. … the statute of limitation must be applied *separately* to each component of the

---

[5] Defendants alternatively assert that even if Cobb's claims are not barred by the statutes of limitations, Cobb is not entitled to relief under his asserted theories as a matter of law.  Because the Court finds that Cobb's claims are barred by the statutes of limitations, the Court will not address Defendants' alternative assertion.

Process." *Id.* at 905 (emphasis in original).  In his Complaint, Cobb alleges Defendants "abused the District Court and legal process by garnishing Plaintiff Cobb's wages 44 times over a period of ten years, by renewing a non-existent Journal Entry of Judgment twice, and by applying for three orders to appear and answer for assets, all without a Journal Entry of Judgment filed of record." Complaint [Doc. No. 1] at 11.  All of these alleged abuses occurred well over two years prior to Cobb filing this case.  Additionally, even if the Court looks to the date Cobb became aware of these abuses – October 11, 2016, Cobb's Complaint was filed nearly two years after the statute of limitations ran on his claim.

A FDCPA claim must be brought within one year from the date on which the violation occurs.  *See* 15 U.S.C. § 1692k(d); *Kirby v. O'Dens*, 673 F. App'x 880, 884 (10th Cir. 2016).  Cobb bases his FDCPA claim on Defendants' collection activities.  The latest collection activity alleged in Cobb's Complaint is the October 11, 2016 hearing on assets that was stricken.  This case was filed nearly four years later, well after the one-year statute of limitations had expired.

To avoid his claims being barred by the applicable statutes of limitations, Cobb contends the continuous and ongoing nature of Defendants' actions tolled the statutes of limitations.  Specifically, Cobb asserts that Defendants continued the pattern of wrongful and abusive collection activity that began in 2006 by continuing to pursue a Journal Entry of Judgment ten years later against Cobb and that the entry date of the Journal Entry of Judgment on January 10, 2020, was the accrual date for each of his claims.  The cases relied on by Cobb, however, do not support his assertion that the "continuing wrong" theory applies to his abuse of process and FDCPA claims.  Further, Cobb has not cited any case law that would support his assertion that simply continuing a lawsuit is an abuse of process or a collection activity that violates the FDCPA.

Accordingly, the Court finds that the "continuing wrong" theory does not apply to this case, and the statutes of limitations were not tolled.

Alternatively, Cobb contends that the statutes of limitations should be equitably tolled for the period of time the district court's ruling on the application for order nunc pro tunc was on appeal. Cobb asserts that the stay the district court imposed on collection activities effectively tolled the statute of limitations during the pendency of the appeal.[6] "In the appropriate case, exceptional circumstances may justify tolling a statute of limitations." *Alexander v. Okla.*, 382 F.3d 1206, 1219 (10th Cir. 2004). Cobb has not shown any exceptional circumstances, and the Court concludes that the statutes of limitations should not be equitably tolled.

Accordingly, Cobb's abuse of process claim and FDCPA claim are barred by the applicable statutes of limitations.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendants' motions to dismiss [Doc. Nos. 5 and 8] and DISMISSES this case with prejudice.

IT IS SO ORDERED this 10th day of December, 2020.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[6] Cobb cites no authority for this assertion.